GEORGE W. HENDRICK *vs.* INHABITANTS OF WEST SPRINGFIELD.

A statute for the construction of dikes in a town under the supervision of the county commissioners provided that the expense should be borne partly by the town and partly by the owners of land benefited thereby; that the collector of the town should collect the assessments on the landowners; and that "the assessments, when collected, shall be paid to the treasurer of the town, and after such payment and the construction of the dikes have been approved by the commissioners, the town shall be liable for all expenses lawfully incurred for such construction, and any person or persons to whom money may be due for labor or materials furnished upon any contracts with the commissioners, or by their order, may recover the same of the town in an action of contract." *Held*, that the town was not liable to a person who had constructed the dikes, and received from the commissioners an order on the treasurer of the town for payment, until the assessments were collected, and was not chargeable with interest before that time.

CONTRACT on an agreement made by the plaintiff with the county commissioners for the construction of two dikes in the town of West Springfield under the St. of 1868, *c.* 80. In the superior court the facts were agreed and judgment ordered thereon for the defendants; and the plaintiff appealed. The case is stated in the opinion.

*M. P. Knowlton*, ( *G. M. Stearns* with him,) for the plaintiff.

*H. Morris*, for the defendants.

MORTON, J. The only question in this case is, as to the liability of the defendants for interest upon the amount for which

the plaintiff agreed to construct the dikes. The contract makes no provision for interest. It provides that, as soon as possible after the completion of the dikes, the county commissioners shall give to the plaintiff, in accordance with the act authorizing their construction, an order upon the treasurer of the town of West Springfield for the amount due according to the terms of the contract. It specifies no time for the payment of the money.

The liability of the town is created by the St. of 1868, c. 80. This statute authorizes the commissioners to construct two dikes in West Springfield, to determine what portion of the expense thereof shall be borne by the town, and what portion by the owners of land benefited thereby, and to appoint three assessors, who shall assess, equitably and ratably, upon the owners of such land the portion to be borne by them. It is made the duty of the collector of the town to collect the assessments so made. The seventh section provides that " the assessments, when collected, shall be paid to the treasurer of the town, and after such payment and the construction of the dikes have been approved by the commissioners, the town shall be liable for all expenses lawfully incurred for such construction, and any person or persons to whom money may be due for labor or materials furnished upon any contracts with the commissioners, or by their order, may recover the same of the town in an action of contract."

Under this statute, it is clear that the town is not liable for the amounts assessed upon the owners of land benefited by the dikes, until such amounts are collected and paid to the town treasurer. It is " after such payment " that the town is to be liable. Before such payment, it is not bound, and indeed is not authorized, to pay such amounts out of the general treasury. It follows that, in the case at bar, the town was not in any default in not paying these amounts until they were collected, and is not liable for interest thereon.

This is the only question submitted to us, the parties agreeing that if the court should adopt this view of the law the judgment of the superior court was correct.    *Judgment affirmed.*